IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JULIO CESAR ROJAS | § | |
| v. | § | CIVIL ACTION NO. 5:22cv89-RWS-JBB |
| KYLI MOGANNAN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Julio Rojas, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff states that he is confined at the Memorial Unit of TDCJ-CID, formerly known as the Darrington Unit, in Rosharon, Brazoria County, Texas. He sues a nurse identified as Kyli Mogannan and an officer identified as Sgt. Williams. He contends that Williams is conspiring with gang members and is showing confidential communications to the gang members and to Nurse Mogannan. Plaintiff asserts that "this is intentional life endangerment by Memorial Unit staff, a racist agenda created by Sgt. Williams and sanctioned by [the] administration." Although the complaint indicates that it is eleven pages in length, the Court received only the first three pages.

Brazoria County is within the territorial jurisdiction of the Galveston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(6). Plaintiff shows no connection between his lawsuit and the Eastern District of Texas.

28 U.S.C. §1391(b) reads as follows:

A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1406(a) provides that the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. Under the circumstances - including the incomplete complaint as well as the fact that the incidents complained of appear to have been ongoing in July of 2022, giving Plaintiff ample time to refile within the two-year limitations period - the Court has determined that the interests of justice favor dismissing this lawsuit without prejudice, allowing Plaintiff to refile his lawsuit, should he choose to do so, in the proper district and division, the Galveston Division of the Southern District of Texas.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice as brought in a court of improper venue.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this the 2nd day of January, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE